OPINION
Earnest Abrams appeals from the judgment of the Montgomery County Common Pleas court wherein Abrams was convicted of three counts of Rape and was classified as a sexual predator pursuant to his guilty pleas.
At the time Abrams entered his plea, the trial court informed him that rape is a sexually oriented offense and Abrams would be subject to registration with the county sheriff and mandatory community notifications. (Tr. 14, 15).
In this case, the trial court's sexual predatory finding was based on the testimony of Michael Hurt, a probation officer with the Montgomery County Adult Probation Department, the pre-sentence investigation report, Dr. Kim Stookey's psychological report, the House Bill 180 Screening Instrument, and its own familiarity with the facts of the case.
The records reveals that Abram's prior criminal record is extensive, beginning in 1975 and continuing to the instant case. (Tr. 33-36). Appellant has been convicted of assault, carrying a concealed weapon, grand theft, petty theft, aggravated trafficking, and drug abuse, among others. (Tr. 33-36). For many of his prior offenses, appellant served a sentence of probation or was granted shock probation or parole. Accordingly, Mr. Hurt testified to the demonstrated pattern of appellant's non-response to rehabilitative treatment. (Tr. 69-72). Although appellant's prior criminal history does not include any documented sexually-oriented offenses, appellant disclosed during an interview with Dr. Stookey that he had been charged with the rape of his niece, an adolescent, in 1978, but that the charge was subsequently dropped.
The record revealed at the predator hearing that the victim of the rape was twelve years of age and the defendant was forty years of age. The defendant engaged in sexual activity with the victim over several months. He had an extensive history of substance abuse and drugs and/or alcohol were frequently consumed by himself and the victim prior to the sexual activity. The defendant told Hurt he didn't believe he did anything wrong since he had the mother's permission to have sex with her child.
Dr. Kim Stookey, a clinical psychologist, submitted a written report of her interview with the defendant. She identified certain clinical risk factors for recidivism associated with sexual offenders and which were present in the defendant's criminal history, to wit:
 1. The presence of a significant prior criminal record suggestive of Antisocial or Psychopathic Personality;
 2. Some history suggestive of prior sexual involvement with adolescent girls;
3. A significant substance abuse history; and
 4. An unwillingness to accept responsibility for wrongdoing in the present case.
She stated the following were factors generally associated with a decreased risk of sexual offense recidivism:
 1. The absence of a prior record of sexually oriented or sexually motivated offenses;
 2. The absence of mental retardation or mental illness; and
 3. The absence of threats or excessive use of force suggestive of sexual excitation fused with sadism or violence;
Dr. Stookey further opined that the rape of the twelve year old was more "opportunistic" then predatory. She stated that the defendant was not expected to seek out adolescents to exploit as sexual partners. She stated that because of the defendant's psychopathic personality she was concerned "about the likelihood of his refusing to engage in such behavior should such an opportunity arise in the future."
In finding the defendant to be a sexual predator, the trial court did not issue a rationale for its decision.
In his first assignment of error, Abrams contends the trial court failed to comply with Crim.R. 11 by not informing him of the consequences of being labeled a sexual predator as a result of his guilty pleas to the rape charges.
Crim.R. 11 does not require a trial court inform the defendant of "collateral consequences" which result from his conviction. State v. Condron (March 27, 1998), Montgomery App. No. 16430, unreported, affirmed (1998), 84 Ohio St.3d 11,701 N.E.2d 688, certiorari denied (1999), ___ U.S. ___,119 S.Ct. 1505, ___ L.Ed.2d ___. In that case this court has explained that "[b]ecause Megan's laws are not punitive, the registration and notification requirements are collateral consequences of defendant's guilty plea." Id. at 7. Therefore, a guilty plea is not invalid where the court does not inform the defendant of the registration and notification requirements of R.C. 2950. In any event, the trial court fully explained that Abrams would be subject to a lifetime of mandatory community notification and address registration every ninety days, upon a sexual predator finding. The appellant's first assignment is overruled.
The resolution of the appellant's second assignment of error is more problematic. In it, appellant contends the trial court erred in classifying him a sexual predator because the State failed to produce clear and convincing evidence that he fit that classification.
Before designating a defendant as a sexual predator, the trial court must find that the defendant (1) has been convicted of or pleaded guilty to committing a sexually oriented offense, and (2) is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). A finding that a defendant is a sexual predator must be based on clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved." State v. Ingram (1992), 82 Ohio St.3d 341, 346,612 N.E.2d 454. It is "more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." Id. To assist the trial court in its determination, R.C. 2950.09(B)(2) provides a list of non-exclusive factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The State argues that four factors weigh in favor of labeling the defendant a sexual predator, to wit: the appellant's significant prior criminal history, some history suggestive of prior sexual involvement with adolescent girls, a significant history of substance abuse, and an unwillingness of the defendant to accept personal responsibility for his criminal conduct.
Conversely the appellant argues the trial court's determination is not based on clear and convincing evidence as he has no prior record of sexual offenses, no mental illness, and excessive force was not involved in the rape. He also argues it is entirely speculative whether he will be a sexual predator in ten years when he is released from prison and has completed the Magellan or Polaris programs available in prison.
In State v. Condron, supra, we stated the following at page 3 of this court's opinion:
 The legislature did not choose to give any particular weight to the factors set out in R.C. 2950.09(B)(2). Certainly a prior record for offenses unrelated to sexual activity would necessarily carry little weight. In this case the defendant's prior criminal record is unrelated to sexual activity. The evidence is undisputed, however, the victim of the crime was three years old, indicating highly aberrant behavior on the defendant's part. The legislature acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crime involves the exploitation of young children. See, Kansas v. Hendricks (1997), 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501.
 The trial court considered the defendant's denial of responsibility as a factor in finding appellant to be a "sexual predator." This is not a statutory factor, but presumably was considered by the trial court under the last factor "any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
The two factors which weigh in favor of a sexual predator classification are the defendant's extensive criminal behavior and his history of sexual involvement with adolescent girls. The defendant's refusal to accept personal responsibility for his sexual conduct with the youthful victim is an additional behavioral characteristic, as well as the psychopathy that contributed to his conduct. We cannot say the trial court erred in concluding that the defendant is a sexual predator. The second assignment of error is overruled.
The judgment of the trial court is Affirmed.
GRADY, P.J., and FAIN, J., concur.
Copies mailed to:
Kirsten A. Davies
William T. Daly
Hon. David A. Gowdown